UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS ROSADO,

    Plaintiff,

vs.   CASE NO.:

NCO FINANCIAL SYSTEMS, INC.

    Defendant.

_____/

## COMPLAINT

Plaintiff, LUIS ROSADO, by and through his undersigned counsel, sues the Defendant, NCO FINANCIAL SYSTEMS, INC. and in support thereof respectfully alleges the following:

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and costs.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 47 U.S.C. §227(b)(3), 47 U.S.C. §227(c)(5), and Florida Statutes.

1

4. Venue is proper in this District, because the Plaintiff resides in this District (Pinellas County) and the Defendant transacts business in Pinellas County, Florida.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida

6. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2) and 15 U.S.C. § 1692(a)(3).

7. Plaintiff is an "alleged debtor."

8. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

9. Defendant, NCO FINANCIAL SYSTEMS, INC., is a corporation and a citizen of the State of Pennsylvania with its principle place of business at 507 Prudential Road, Horsham, PA 19044.

10. The conduct which gives rise to the cause of action herein alleged occurred in this District, Pinellas County, Florida.

11. Defendant is a "debt collector" as defined by Florida Statute § 559.55(6) and 15 U.S.C. § 1692(a)(6).

12. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and U.S.C. § 1692(a)(5).

13. NCO FINANCIAL SYSTEMS, INC. was attempting to collect on a consumer account and/or was making calls to Plaintiff's cellular telephone number (727) 565-3684 related to an account belonging to "Brenda House", of whom Plaintiff has no knowledge.

14. NCO FINANCIAL SYSTEMS, INC. attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

15. NCO FINANCIAL SYSTEMS, INC. intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

16. Upon information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

17. Upon information and belief, each call NCO FINANCIAL SYSTEMS, INC. made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

18. Each call NCO FINANCIAL SYSTEMS, INC. made to the Plaintiff's cell phone was done so without the "prior expressed consent" of the Plaintiff.

19. NCO FINANCIAL SYSTEMS, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

20. In approximately 2011, Plaintiff began receiving the aforementioned autodialer calls from Defendant, NCO FINANCIAL SYSTEMS, INC., on his cellular telephone (727) 565-3684, concerning a debt for "Brenda House", of whom Plaintiff had no knowledge.

21. Plaintiff has been the subscriber, regular user and carrier of the cellular telephone number (727) 565-3684 since 2006, and was the called party and recipient of Defendant, NCO FINANCIAL SYSTEMS, INC.'S, autodialer calls.

22. After receiving several calls, Plaintiff contacted NCO FINANCIAL SYSTEMS, INC. and advised that they were calling the wrong number.  Further, Plaintiff requested the calls from the Defendant stop.

23. Despite informing NCO FINANCIAL SYSTEMS, INC. on numerous occasions that he was not the person they were attempting to contact, to stop calling, and he did not owe the subject debt, NCO FINANCIAL SYSTEMS, INC.'s autodialer calls to Plaintiff's cellular telephone up to three (3) times a day.

24. Autodialer calls from NCO FINANCIAL SYSTEMS, INC. continued approximately on average, three (3) times a day through December 2013.

25. NCO FINANCIAL SYSTEMS, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or NCO FINANCIAL SYSTEMS, INC., to remove the incorrect number.

26. NCO FINANCIAL SYSTEMS, INC.'s corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to NCO FINANCIAL SYSTEMS, INC. that they are the wrong party.

27. NCO FINANCIAL SYSTEMS, INC. has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

28. NCO FINANCIAL SYSTEMS, INC. has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

29. NCO FINANCIAL SYSTEMS, INC. has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

30. NCO FINANCIAL SYSTEMS, INC.'s corporate policy provided no means for the Plaintiff to have his number removed from the call list.

31. NCO FINANCIAL SYSTEMS, INC. has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

32. Plaintiff did not expressly consent to NCO FINANCIAL SYSTEMS, INC.'s placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to NCO FINANCIAL SYSTEMS, INC.'s placement of the calls.

33. None of NCO FINANCIAL SYSTEMS, INC.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

34. NCO FINANCIAL SYSTEMS, INC. willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

35. The autodialer calls from NCO FINANCIAL SYSTEMS, INC. came from telephone number, which includes but is not limited to: (800) 290-5898.

## COUNT I
### (Violation of the TCPA)

36. Plaintiff incorporates Paragraphs 1 through 35 above, as if fully stated herein.

37. None of Defendant, NCO FINANCIAL SYSTEMS, INC.'S, autodialer calls placed to Plaintiff were for emergency purposes as specified in 47 U.S.C. §227(b)(1)(A).

38. NCO FINANCIAL SYSTEMS, INC. violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

39. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

40. Defendant's conduct demonstrated a knowing and/or reckless disregard for the privacy rights of the Plaintiff, including a knowing and reckless disregard to the Plaintiff's repeated requests to stop the telephone abuse.

41. NCO FINANCIAL SYSTEMS, INC. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against NCO FINANCIAL SYSTEMS, INC. for statutory damages, actual damages, treble damages, punitive damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

42. Plaintiff incorporates Paragraphs 1 through 35 above, as if fully stated herein.

43. At all times relevant to this action NCO FINANCIAL SYSTEMS, INC. is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

44. Plaintiff is an alleged "debtor" and/or "consumer" pursuant to F.S. §559.55(2) as Defendant, NCO FINANCIAL SYSTEMS, INC., per its conduct in continuing to call Plaintiff despite repeated notifications to stop calling and that Plaintiff was not Defendant's customer, engaged in conduct that can only be construed as conduct alleging that Plaintiff was obligated to pay said debt; including but not limited to the continued harassing calls on this illegitimate debt.

45. NCO FINANCIAL SYSTEMS, INC. has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

46. NCO FINANCIAL SYSTEMS, INC. has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

47. NCO FINANCIAL SYSTEMS, INC. has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

48. NCO FINANCIAL SYSTEMS, INC.'s actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against NCO FINANCIAL SYSTEMS, INC. for statutory damages, actual damages for emotional and mental pain and suffering, fear humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, punitive damages, costs, interest, attorney's fees, pursuant to F.S. §559.77, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA)

49. Plaintiff incorporates Paragraphs 1 through 35 above, as if fully stated herein.

50. At all times relevant to this action NCO FINANCIAL SYSTEMS, INC. is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

51. NCO FINANCIAL SYSTEMS, INC. has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

52. NCO FINANCIAL SYSTEMS, INC. has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

53. NCO FINANCIAL SYSTEMS, INC. has violated 15 U.S.C. § 1692(e)(2)(a) by attempting to collect on a debt from the Plaintiff which he does not owe.

54. NCO FINANCIAL SYSTEMS, INC. has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against NCO FINANCIAL SYSTEMS, INC. for statutory damages, actual damages, punitive damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

William Peerce Howard, Esquire
Florida Bar Number: 0103330
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
WPHPleadings@forthepeople.com
nsauer@forthepeople.com
Attorney for Plaintiff